## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUPPORT FOR WOMEN INC. )<br>    Plaintiff )<br>v. )<br>DMA HOLDINGS (MA), LLC and )<br>JOSEPH VILLATICO )<br>    Defendants )<br>TREE MARKET LYNN, LLC, )<br>TREE MARKET TAUNTON, LLC and )<br>VERDE ORGANICA, LLC )<br>    Defendants/Reach and Apply Defendants )<br>GFA FEDERAL CREDIT UNION and )<br>FLOWHUB HOLDINGS, INC. )<br>    Trustees ) | Civil Action No.: |

## **COMPLAINT**

## **INTRODUCTION**

The Plaintiff seeks to recover for the Defendants' breach of contract and unjust enrichment.

## **PARTIES**

1. The Plaintiff, Support for Women Inc. ("SFW") is a company with a principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

2. The Defendant, DMA Holdings (MA), LLC d/b/a Greatest Hits Cannabis Company ("DMA") is a company with a principal place of business at 35 Chase Avenue, Dudley, MA 01571.

3. The Defendant, Joseph Villatico ("Mr. Villatico"), is an individual who resides at 20 Lakeview Road, Webster, MA 01570.

4. The Defendant/ Reach and Apply Defendant, Tree Market Lynn, LLC d/b/a Greatest Hits Cannabis Company ( "Tree Market") is a company with a principal place of business at 35 Chase Avenue, Dudley, MA 01571.

5. The Defendant/ Reach and Apply Defendant, Tree Market Taunton, LLC d/b/a Greatest Hits Cannabis Company (also referred to as "Tree Market") is a company with a principal place of business at 35 Chase Avenue, Dudley, MA 01571.

6. The Defendant/Reach and Apply Defendant, Verde Organica, LLC ("Verde") is a Massachusetts limited liability company formed by DMA which owns real estate at 35 Chase Avenue, Dudley, MA 01571 (the "Property").

7. The Trustee GFA Federal Credit Union ("GFA") is a federally chartered credit union located at 229 Parker Street, Gardner MA 01440.

8. The Trustee, Flowhub Holdings, Inc. ("Flowhub"), does business in Massachusetts and holds funds of the Defendants. Flowhub is the Defendants' credit card processor.

## JURISDICTON AND VENUE

9. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §1332 as there is a diversity of Citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) since the Defendants reside in this District and since a substantial part of the events giving rise to this complaint occurred in this District.

11. Neither of the Defendants have any members who reside in the same state as SFW.

## FACTS

a) **Proposed Investment Agreement**

12. DMA and Tree Market are in the business of producing and selling cannabis wholesale.

Tree Market is a wholly owned subsidiary of DMA. Both operate under the same tradename of "Greatest Hits Cannabis Company" ("Greatest Hits") and DMA pays all of Tree Market's bills. Both companies have the same officers and the same address.

13. In or around August 2023, Mr. Villatico attempted to induce SFW to make an investment into DMA.

14. Verbal discussions occurred through an associate of SFW and DMA. Mr. Villatico offered SFW membership units in DMA, and, upon information and belief, also verbally offered some of his personal shares if the agreement was consummated.

15. On August 28, 2023, Mr. Villatico provided SFW with a proposed subscription agreement (the "Proposed Agreement") for $100,000 that offered 8,333.33 Units (or shares) at a purchase price of $12.00 each, along with an email request to, "Please fill out the amount the EIN and the signature page. Please send entire document back in one email thanks. I just want the bank to get a head start." See Exhibit 1 for a Copy of the Proposed Agreement.

16. The Proposed Agreement states on the first page that "If the subscription is not accepted for any reason, the subscription amount will be returned to the undersigned without interest. The undersigned understands and agrees that this subscription shall be binding on the undersigned when this subscription is accepted by the Company." Exhibit 1. The Proposed Agreement further states on page 3, section vii, that "This Subscription Agreement [referring to the Proposed Agreement] shall have no force or effect [in the event it is rejected by DMA] and the Company [referring to DMA] shall return the previously paid subscription price of the Securities [i.e. units], without interest thereon, to the undersigned."

17. On August 28, 2023, the same day that Mr. Villatico sent SFW the Proposed Agreement, SFW signed and returned the Proposed Agreement to DMA.

18. On August 31, 2023, SFW sent DMA $100,000 to DMA's GFA account via electronic transfer in anticipation of the finalized investment. DMA received the transfer the business day after SFW sent it.

19. On September 11, 2023, SFW sent DMA an additional $50,000 at GFA via electronic transfer in anticipation of an additional investment in units at $12 per unit. DMA received the transfer the business day after SFW sent it.

20. DMA, however, did not accept the Proposed Agreement and never issued the membership units to SFW.

21. Rather, on September 22, 2023, DMA rejected the Proposed Agreement. In an email sent on that day by Mr. Villatico to an SFW representative, Mr. Villatico wrote, "Please resign. The share price changed due to David Lahar shares being dissolved which just brought everyone else's share value up but diluted the shares so needed to change the value to equal our valuation we have been raising on the entire time." See Exhibit 2 for a copy of the email.

22. The new agreement Mr. Villatico attached to the email offered 11,764.71 Units at a purchase price of $12.75 per Unit, for a total of $150,000, which is seventy-five cents ($.75) per unit more than the price originally offered.

23. SFW did not accept the revised agreement.

24. For a multitude of reasons, SFW had good cause to terminate the negotiations with respect to the prospective investment.

25. On August 26, 2024, September 4, 2024, September 18, 2024, September 24, 2024, and September 25, 2024, SFW, through its legal counsel, notified DMA, through their legal counsel, that no contract was entered into between the parties and, therefore, DMA should return SFW's funds.

26. To date, DMA has not returned the funds.

27. Based on information and belief, SFW's funds are being held at GFA by DMA.

28. At no time prior to SFW requesting a return of the funds did DMA provide any notification to SFW that it accepted the first agreement, that any membership units were issued to SFW, or any form of partnership tax documents.

b)  **Structure of DMA, Tree Market, and Verde**

29. Mr. Villatico keeps all company liabilities in DMA's name, but keeps all of its assets in Tree Market, Verde, and, upon information and belief, in other company names such as Greatest Hits IP, LLC where DMA's trademark is held, in order to prevent creditors from being repaid, and the assets of all these companies are comingled.

30. Despite DMA earning income of approximately $5,000.00 - $16,000.00 per day, Mr. Villatico and DMA shield all of those funds from creditors by transferring those funds from DMA to Tree Market.

31. After the events described in this Complaint, Mr. Villatico temporarily removed himself as an officer of DMA and Tree Market because unadjudicated criminal charges against him could place DMA's marijuana licenses at risk, however, he continues to exercise control over DMA through his control shares and by acting as a de facto executive behind the scenes.

32. Mr. Villatico is an authorized signatory of DMA, Tree Market, and Verde and is a manager of all of these companies as well. A copy of the corporations pages for all of the Defendants is attached as Exhibit 3.

33. DMA, upon information and belief, owns 100% of Verde Organica.

34. Upon information and belief, DMA either directly or indirectly paid the purchase price of the Property. DMA formed Verde with the sole purpose to keep DMA's assets out of DMA's name to prevent creditor attachment.

## CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT

35. DMA promised that they would return the funds they received from SFW if DMA didn't issue membership units at the price of $12 per unit. DMA did not issue the units to SFW for $12 per unit or otherwise, but did not return SFW's funds as promised. SFW was damaged as a result.

### COUNT 2. UNJUST ENRICHMENT

36. DMA and Tree Market received $150,000 from Support for Women in exchange for membership units in DMA which DMA never issued to SFW, and SFW has a reasonable expectation of the return of those funds.

37. DMA promised in writing to return the funds in the event that it did not accept the Proposed Agreement. DMA, after unilaterally increasing the price of the membership units, asked SFW to resign a new proposed agreement which SFW never did. By asking SFW to resign a new agreement for a higher per membership unit price, DMA rejected the Proposed Agreement.

38. Villatico personally participated in the improper withholding of SFW's funds.

**COUNT 3. CONVERSION**

39. DMA and Villatico are exercising wrongful dominion and control over SFW's funds by holding onto them in the absence of any investment agreement having been finalized.

**COUNT 4. VIOLATION OF G.L. CH. 93A**

40. The above described acts constitute harmful and deceptive business practices on the part of DMA and Villatico entitling Support for Women to triple damages and attorney's fees as a result. Neither DMW nor Villatico provided a logical explanation as to why it continues to hold onto SFW's funds when no agreement was finalized and SFW got nothing in return for the $150,000 that they sent to DMW.

**COUNT 5. TRUSTEE PROCESS**

41. Support for Women seeks an attachment by trustee process on all accounts held by the Defendants at GFA Federal Credit Union, as well as any other bank later discovered, and on all accounts held by the Defendants with Flowhub, until the amounts owed to Support for Women are paid in full.

**COUNT 6. REACH and APPLY**

42. SFW is entitled to reach and apply DMA's interest in Tree Market and Verde under G.L. Ch. 214, § 3 et. seq, and to hold a sale of the Property.

**COUNT 7. DECLARATORY RELIEF**

43. SFW seeks a declaration, pursuant to G.L. Ch. 223 § 67 and related case law, that DMA holds a 100% beneficial interest in the Property located at 35 Chase Avenue, Dudley, MA 01571, and that the Property is being held in an implied trust or resulting trust for DMA's benefit.

**COUNT 8. ALTER EGO**

44. For the reasons stated above, Tree Market and Verde are the alter egos of DMA, and their corporate veil should be pierced leading to its liability for amounts that DMA owes to Support for Women.

**WHEREFORE, the Plaintiff seeks that the Court:**

1. Enter judgment against the Defendants in the amount of $150,000.00 with triple damages, attorney's fees, interest, and costs;

2. Declare that DMA Holdings (MA), LLC is holding Support for Women's funds in a constructive trust for the benefit of Support for Women.

3. Enter judgment ordering that GFA Federal Credit Union and Flowhub be charged as trustees for all amounts held for the Defendants until the amount due to Support for Women is paid in full.

4. Enter judgment declaring that DMA Holdings (MA) LLC's membership interest in Verde Organica, LLC, Tree Market Taunton, LLC, and Tree Market Lynn, LLC be reached and applied by Support for Women, Inc., and that the Court charge the Defendants' interest in these three companies with payment of all amounts owed to Support for Women.

5. Enter judgment that declaring that the Property located at 35 Chase Avenue, Dudley, MA, currently standing in the name of Verde Organica, LLC, is held in an implied/constructive trust for the benefit of DMA Holdings (MA), LLC and that Support for Women Inc. is entitled to reach that beneficial interest in satisfaction of their claims.

Respectfully Submitted,

/s/ Joseph Perl
Attorney for Plaintiff

B.B.O. 680509
203 Arlington St., Suite 2
Watertown, MA 02472
781-704-7047
November 4, 2024